IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARDEN CITY BOXING CLUB, INC.                    Civil Action No. 07-CV-08078

     Plaintiff,

v.                                                                      **COMPLAINT**

CRISTAL EN LA LLAVE DEL MAR RESTAURANT, INC.,
d/b/a CRISTAL RESTAURANT & SPORTS BAR
and CESAR R. ALMANZAR

        Defendants,

_____

**SERVE ON:**

**Cristal En La Llave Del Mar Restaurant, Inc.**
**d/b/a Cristal Restaurant & Sports Bar**
**5 West 170th Street**
**Bronx, NY 10452**

**Cesar R. Almanzar**
**5 West 170th Street**
**Bronx, NY 10452**

     Plaintiff, Garden City Boxing Club, Inc., by and through its undersigned counsel, Paul J.

Hooten & Associates, complains of the defendants, Cristal En La Llave Del Mar Restaurant, Inc.

d/b/a Cristal Restaurant & Sports Bar and Cesar R. Almanzar, and alleges as follows:

<u>**Jurisdiction**</u>

     1.     This action arises under Section 705 of the Communications Act of 1934, 47 U.S.C.

§§ 605 and 553.

     2.     Jurisdiction in this Court is proper under 28 U.S.C. §1331 and 47 U.S.C. §§ 605 and

553.

     3.     Venue in this Court is proper under 28 U.S.C. §1391(b) as these claims arose in this

district.

<u>**Parties**</u>

4.      At all times hereinafter mentioned, plaintiff, Garden City Boxing Club, Inc., was and is a corporation organized and existing under the laws of the State of California, with its principal office and place of business located in San Jose, California.

5.      Upon information and belief the defendant, Cristal En La Llave Del Mar Restaurant, Inc. is a corporation duly organized under the laws of the State of New York, and authorized to transacting business as "Cristal Restaurant & Sports Bar" from its principal place of business located at 558 West 181st Street, New York, New York, 10033.

6.      Upon information and belief, at all times hereinafter mentioned, defendants Cesar R. Almanzar is owner of  Cristal En La Llave Del Mar Restaurant, Inc. d/b/a Cristal Restaurant & Sports Bar.

7.      Defendants  Cristal En La Llave Del Mar Restaurant, Inc. d/b/a Cristal Restaurant & Sports Bar and Cesar R. Almanzar, are hereinafter collectively referred to as "Defendants."

## Preliminary Background

8.      Plaintiff entered into a closed-circuit television license agreement to exhibit the closed-circuit telecast of the September 18, 2004 boxing match between Oscar De La Hoya v. Bernard Hopkins, including undercard or preliminary bouts (the boxing match and all related bouts are collectively referred to as the "Event"), at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout New York and other geographic locales (the "License Agreement").   Plaintiff paid substantial fees for its exclusive rights to exhibit the Event under the License Agreement.

9.      Plaintiff entered into the License Agreement for the purpose of distributing for a commercial gain the closed-circuit broadcast of the Event to various business establishments throughout the New York area.

10.    The closed-circuit broadcast of the Event was not intended for the use of the general public.  In New York, the closed-circuit broadcast of the Event could only be exhibited in a commercial establishment if said establishment was contractually authorized to do so by Garden City Boxing Club, Inc.

11.    Pursuant to the License Agreement, Garden City Boxing Club, Inc. marketed and distributed the closed-circuit rights granted to it. Garden City Boxing Club, Inc. contracted with various establishments throughout New York and granted to such establishments the right to broadcast the Event in exchange for a fee.

12.    The transmission of the Event was electronically coded or "scrambled".  In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

13.    The transmission of the Event was available to the defendants to purchase for broadcast in  Cristal En La Llave Del Mar Restaurant, Inc. d/b/a Cristal Restaurant & Sports Bar. Had they done so, they would have been authorized to receive, transmit and publish the Event in Cristal En La Llave Del Mar Restaurant, Inc. d/b/a Cristal Restaurant & Sports Bar.  Defendants did not, however, contract with Garden City Boxing Club, Inc. to obtain the rights to broadcast the Event.

14.    The establishments which contracted with Garden City Boxing Club, Inc. to broadcast the Event were provided with the electronic decoding equipment and satellite coordinates necessary to receive the signal of the Event.

15.    On September 18, 2004, in violation of Garden City Boxing Club, Inc. rights and federal and state law, the Defendants willfully intercepted and/or received the interstate communication of the Event.  In the alternative, the Defendants assisted in the receipt of the

interstate communication of the Event.  The Defendants then transmitted, divulged and published said communication, or assisted in transmitting, divulging and publishing said communication, to patrons within  Cristal En La Llave Del Mar Restaurant, Inc. d/b/a Cristal Restaurant & Sports Bar.

16.    The Defendants misappropriated Garden City Boxing Club, Inc. licensed exhibition of the Event and infringed upon Garden City Boxing Club, Inc. exclusive rights while avoiding proper payment to Garden City Boxing Club, Inc.  Defendants' purpose and express intent in committing their unlawful actions was to secure a financial gain and commercial advantage.

17.    The Defendants enabled the patrons within Cristal En La Llave Del Mar Restaurant, Inc. d/b/a Cristal Restaurant & Sports Bar to view the Event to which neither the Defendants nor the patrons were entitled.

18.    The persons whom Defendants permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by Garden City Boxing Club, Inc.

19.    The Defendants were not authorized to intercept, receive or transmit the communication of the Event or to assist in such actions in any form or at any time.

20.    Defendants' unauthorized exhibition of the telecast of the event caused substantial damage to Garden City Boxing Club, Inc.

## COUNT I
## VIOLATION OF 47 U.S.C. §605

21.    The Plaintiff hereby incorporates the allegations contained in Paragraphs 1 through 19 of the Complaint.

22.    The Federal Communications Act of 1934, as amended, 47 U.S.C. §605 (the "Statute"), provides in part:

No  person  not  being  authorized  by  the  sender  shall  intercept  any  radio

4

communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substances, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

23.     The Defendants' wrongful actions in connection with the Event were in violation of the Statute.

24.     Section 605(d)(6) provides that "any person with proprietary rights in the intercepted communication ..." may bring a private cause of action against one who acts in violation of the Statute.

25.     By virtue of the License Agreement, Garden City Boxing Club, Inc. maintained proprietary rights in the intercepted communication of the Event. Therefore, Garden City Boxing Club, Inc. is an aggrieved person and is entitled to recover damages from the Defendants for their violations of the Statute and their interference with Garden City Boxing Club, Inc.'s proprietary rights.

26.     Because of its contractual rights and obligations with regard to distribution of the Event, Garden City Boxing Club, Inc. had an important economic interest in protecting the integrity of the communication of the Event. As a direct and proximate result of the Defendants' acts, Garden City Boxing Club, Inc. has lost the revenue which would have been derived from the delivery and exhibition of the Event to Cristal En La Llave Del Mar Restaurant, Inc. d/b/a Cristal Restaurant & Sports Bar and its patrons, causing substantial and irreparable harm, including, but not limited to,

a loss of revenue and profits, damage to its goodwill and reputation, a loss of its substantial investment of financial resources, time and effort in the promotion of the Event and loss of its right and ability to control and receive fees for the reception of the Event.  Further, Garden City Boxing Club, Inc. has also suffered an unquantifiable loss of future business in those persons who will not patronize Garden City Boxing Club, Inc., subscribers on the assumption that they can view future similar closed-circuit events at unauthorized establishments such as Cristal En La Llave Del Mar Restaurant, Inc. d/b/a Cristal Restaurant & Sports Bar.

27.    Because of Defendants' wrongful actions, Garden City Boxing Club, Inc. is entitled to collect from the Defendants (1) statutory damages in the amount of Ten Thousand Dollars ($10,000.00), pursuant to §605(e)(3)(C)(i)(II); (2) statutory damages in the amount of One Hundred Thousand Dollars ($100,000.00), pursuant to §605(e)(3)(C)(ii); and (3) full costs, including reasonable attorney's fees, pursuant to §605(e)(3)(B)(iii).

**COUNT II**

**VIOLATION OF 47 U.S.C. §553**

28.    The Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 26 above as if the same were fully set forth herein.

29.    Section 553(1) provides, "No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law."

30.    Upon information and belief, in violation of 47 U.S.C. §553, the Defendants, illegally and without authorization, intercepted, received or otherwise assisted in the unauthorized interception or receipt of the Event.

31.    Upon information and belief, the Defendants effected such interception or receipt of

6

the Events through the use of illegal decoding devices; by the manipulation of the closed-circuit system authorized to carry the Events in the licensing area; by ordering the Events for residential locations and removing the decoder/converter box to Defendants' commercial locations, or by such other means unknown to Garden City Boxing Club, Inc. and known only to Defendants.

32.    Defendants' violations of 47 U.S.C. §553 were committed willfully and for purposes of commercial advantage and private financial gain.

33.    Garden City Boxing Club, Inc. is a person aggrieved by the Defendants' violations of 47 U.S.C. §553 and is authorized to institute this action against the Defendants pursuant to §553.

34.    Defendants' violations of 47 U.S.C. §553 have injured and will continue to injure Garden City Boxing Club, Inc.'s ability to market future pay-per-view products and to maximize the revenues which it seeks to derive from its telecasts, in that Garden City Boxing Club, Inc. has been deprived of the benefit of subscribers to the Events and has suffered injury to its goodwill and reputation.  As a further result of such violations, Defendants have gained and will continue to gain unjust profits and undeserved goodwill.

35.    Unless restrained by this Court, the Defendants will continue to receive, intercept, transmit and exhibit Garden City Boxing Club, Inc. programming illegally and without authorization in violation of 47 U.S.C. §553.  The Defendants intercepted, received and publicly exhibited Garden City Boxing Club, Inc.'s telecast of the Event without authorization, on at least one occasion, and Garden City Boxing Club, Inc. cannot practicably detect or determine each occasion on which Defendants have intercepted, received and publicly exhibited the Event or other Garden City Boxing Club, Inc., programming.

36.    All conditions precedent to Garden City Boxing Club, Inc.'s, right to bring this action have been performed or have otherwise occurred.

WHEREFORE, the Plaintiff, Garden City Boxing Club, Inc. prays this Court grant judgment against Defendants Cristal En La Llave Del Mar Restaurant, Inc. d/b/a Cristal Restaurant & Sports Bar and Cesar R. Almanzar, jointly and severely,  as follows:

A.    Declare that Defendants' unauthorized interception, reception and public commercial exhibition of the Event, or their assistance in the performance of such unauthorized actions, was in violation of the Communications Act, 47 U.S.C. §§553 and 605, and that such violation was committed willfully and for purposes of direct or indirect commercial advantage and private financial gain;

B.    For statutory damages of Ten Thousand Dollars ($10,000.00) pursuant to §605(e)(3)(C)(i)(II);

C.    For statutory damages of One Hundred Thousand Dollars ($100,000.00) pursuant to §605(e)(3)(C)(ii);

D.    For full costs of this action, including reasonable attorney's fees pursuant to §605(e)(B)(iii);

E.    For statutory damages of Ten Thousand Dollars ($10,000.00) pursuant to §553(3)(A)(ii);

F.    For statutory damages of Fifty Thousand Dollars ($50,000.00) pursuant to §553(3)(B); and

G.    For such other and further relief as the Court deems just and proper.


BY: /s/ Paul J. Hooten
Paul J. Hooten & Associates
Attorney for Plaintiff
5505 Nesconset Hwy., Suite 203
Mt. Sinai, New York 11766
(631)331-0547